This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39072**

**STATE OF NEW MEXICO,**

>    Plaintiff-Appellee,

v.

**KYLE ANTHONY,**

>    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    Defendant Kyle Anthony appeals his conviction for criminal sexual penetration (CSP) in the third degree (NMSA 1978, § 30-9-11(F) (2009)), claiming (1) the jury instruction for CSP resulted in fundamental error, and (2) trial counsel was constitutionally ineffective. We affirm.

### DISCUSSION

**I.      The CSP Jury Instruction Did Not Result in Fundamental Error**

**{2}**    As an initial matter, we agree with the State that the particular jury instruction error Defendant advances on appeal was not brought to the district court's attention, and therefore this issue was not preserved. *See State v. Bregar*, 2017-NMCA-028, ¶ 29, 390 P.3d 212 ("[F]or an objection to preserve an issue for appeal, it must appear that the appellant fairly invoked a ruling of the district court on the same grounds argued in the appellate court." (alterations, internal quotation marks, and citation omitted)); *see also* Rule 12-321(A) NMRA. We accordingly review this issue for fundamental error alone. *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633; *see also State v. Ocon*, 2021-NMCA-032, ¶¶ 7-8, 493 P.3d 448 (providing that fundamental error review is a two-step process: first, we determine whether error occurred; and second, we determine whether any such error was fundamental).

**{3}**    Consistent with the uniform jury instruction applicable when alternative means of "force or coercion" are alleged,[1] UJI 14-944 NMRA, the jury in this case was instructed on the elements of CSP as follows:

1.      [D]efendant caused [Victim] to engage in sexual intercourse, or caused the insertion, to any extent, of a finger or object into the vulva or vagina of [Victim];

2.      [D]efendant used physical force or physical violence;

    -OR-

    [Victim] was suffering from intoxication so as to be incapable of understanding the nature or consequences of what [D]efendant was doing, AND [D]efendant knew or had reason to know of the condition of [Victim];

3.      [D]efendant's act was unlawful;

4.      This happened in New Mexico on or about December 17, 2017.

*See* UJI 14-944.

**{4}**    On appeal, Defendant takes issue with the first clause of element two. Defendant contends that, as to the first means of committing CSP (by physical force or physical violence), the jury instruction omitted a necessary element because it did not premise guilt on a finding that, in Defendant's words, "the force or coercion *caused* the sexual

---

[1]"Force or coercion" is defined, as relevant to this case, as "the use of physical force or physical violence" and also as "the perpetration of criminal sexual penetration or criminal sexual contact when the perpetrator knows or has reason to know that the victim is unconscious, asleep or otherwise physically helpless or suffers from a mental condition that renders the victim incapable of understanding the nature or consequences of the act." NMSA 1978, § 30-9-10(A)(1), (4) (2005).

intercourse or insertion." (Emphasis added.) *See* § 30-9-11(F) ("[CSP] in the third degree consists of all [CSP] perpetrated *through the use of force or coercion* not otherwise specified in this section." (emphasis added)). Defendant observes that the uniform jury instruction applicable when physical force or physical violence alone is at issue, UJI 14-941 NMRA, makes this connection explicit: "The defendant caused [the victim] to engage in [the sexual act(s)] *through the use of physical force or physical violence*." UJI 14-941(2) (emphasis added). Without a similar instruction, Defendant contends, the jury "could have found that [Defendant] and [Victim] fought earlier in the night and then later had sex and still found [Defendant] guilty." We are not persuaded.

{5}     Because the CSP instruction in this case was faithfully patterned after UJI 14-944, we start with the presumption that the instruction was valid. *See State v. Ortega*, 2014-NMSC-017, ¶ 32, 327 P.3d 1076 ("Uniform jury instructions are presumed to be correct."); *see also* UJI-Criminal General Use Note ("[W]hen a uniform instruction is provided for the elements of a crime, . . . the uniform instruction should be used without substantive modification or substitution."). And ultimately, viewing the instructions as a whole, we are satisfied that the jury was sufficiently instructed on the connection between the physical force or physical violence and the sexual act. *See Barber*, 2004-NMSC-019, ¶ 19 (considering first, under fundamental error review, "whether a reasonable juror would have been confused or misdirected by the jury instruction").

{6}     In claiming the jury instruction was inadequate, Defendant reads element two (that "[D]efendant used physical force or physical violence") in isolation from the other elements. The jury was not permitted to parse instructions in this manner. *See* UJI 14-6001 NMRA ("You must consider these instructions as a whole. You must not pick out one instruction or parts of an instruction and disregard others."). Nor will we. *See State v. Montoya*, 2015-NMSC-010, ¶ 25, 345 P.3d 1056 ("Jury instructions are to be read and considered as a whole and when so considered they are proper if they fairly and accurately state the applicable law." (alteration, internal quotation marks, and citation omitted)). Instead, reading elements one and two together, the instruction sufficiently conveyed the idea that Defendant caused Victim to engage in sexual intercourse or penetration through the use of physical force or physical violence. As the State ably explains in its answer brief on this issue, element one required the jury to find that "[D]efendant *caused* [Victim] to engage" in sexual intercourse or penetration. (Emphasis added.) Element two then required the jury to find that "[D]efendant *used* physical force or physical violence." (Emphasis added.) With the word "used" in element two, the instruction expressed the idea that Defendant employed physical force or physical violence to accomplish the act of causing Victim to engage in the sexual act described in element one. *See Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/used (last visited on Jul. 14, 2022) (defining "used" as "employed in accomplishing something"). In sum, reading the elements of the CSP instruction together, as we must, a reasonable juror would understand that the physical force or physical violence referred to in element two is meant to describe how the sexual act referred to in element one was carried out. We accordingly reject Defendant's overly formalistic reading of the CSP instruction and conclude no instructional error occurred.

**{7}**     But even if the CSP instruction could have been clearer, Defendant fails to establish that its use constituted fundamental error. *See State v. Astorga*, 2016-NMCA-015, ¶ 5, 365 P.3d 53 ("The burden of demonstrating fundamental error is on the party alleging it, and the standard of review for reversal for fundamental error is an 'exacting' one." (citations omitted)). "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *Barber*, 2004-NMSC-019, ¶ 8. To determine if fundamental error has occurred, a "review [of] the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case" is required. *Ocon*, 2021-NMCA-032, ¶ 8 (internal quotation marks and citation omitted). In his briefing, Defendant does not attempt to meet this exacting standard,[2] and we will not develop such an argument for him. *See State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 ("Our Court has been clear that it is the responsibility of the parties to set forth their developed arguments, it is not the court's responsibility to presume what they may have intended.").

**{8}**     In short, we cannot conclude fundamental error occurred in this case. *See State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176 (providing that the doctrine of fundamental error will not be invoked "in aid of strictly legal, technical, or unsubstantial claims" (internal quotation marks and citation omitted)).

## II.     Defendant Does Not Make a Prima Facie Showing of Ineffective Assistance of Counsel

**{9}**     Defendant contends he received ineffective assistance of counsel due to trial counsel's failure to object to two sets of testimony. First, Defendant contends defense counsel should have objected to the State's witnesses' use of the terms "suspect," "perpetrator," and "victim" in reference to the collection and testing of DNA evidence. On cross-examination, defense counsel elicited from these witnesses testimony that the terms were generic and used to identify DNA samples, and that, by using them, the witnesses were not communicating any opinion about Defendant's culpability. Second, Defendant contends defense counsel should have objected when Victim and Defendant's ex-girlfriend referenced a restraining order against Defendant. This testimony was unsolicited and brief. In light of the nature and context of the evidence Defendant claims warranted objections, we cannot say that the lack of objection to it made defense counsel's trial performance fall below an objective standard of reasonableness, or that defense counsel's silence could not be justified as a trial tactic or strategy. *See, e.g., State v. Allen*, 2000-NMSC-002, ¶ 115, 128 N.M. 482, 994 P.2d 728 ("Failure to object to every instance of objectionable evidence or argument does not render counsel ineffective; rather, failure to object falls within the ambit of trial tactics." (alteration, internal quotation marks, and citation omitted)); *State v. Jacobs*, 2000-

---

2Although Defendant contends that causation was at issue, as the State points out (and Defendant does not refute), there was no argument or evidence at trial supporting Defendant's appellate theory. *Cf. State v. Orosco*, 1992-NMSC-006, ¶ 10, 113 N.M. 780, 833 P.2d 1146 (considering whether a missing element was "in issue"—i.e., "whether there was any evidence or suggestion in the facts, however slight, that could have put the [omitted] element . . . in issue"). Namely, there was no argument or evidence that Defendant and Victim fought earlier in the night and then later had sex.

NMSC-026, ¶ 49, 129 N.M. 448, 10 P.3d 127 ("An attorney's decision to object to testimony or other evidence is a matter of trial tactics."), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880; *see also, e.g., State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("[A] prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel." (internal quotation marks and citation omitted)).

**{10}**     But even if defense counsel's lack of objections could be said to have rendered counsel's performance deficient, Defendant has not argued, let alone established, that there was a "reasonable probability that the result of the trial would have been different" had the objections been made. *State v. Dylan J.*, 2009-NMCA-027, ¶ 38, 145 N.M. 719, 204 P.3d 44 (omission, internal quotation marks, and citation omitted); *see also id.* ("A 'reasonable probability' is one that is 'sufficient to undermine confidence in the outcome.'" (citation omitted)); *State v. Candelaria*, 2019-NMSC-004, ¶ 46, 434 P.3d 297 (declining to consider allegations of ineffective assistance where they were inadequately briefed).

**{11}**     In short, Defendant has failed to make a prima facie showing of ineffective assistance of counsel. This determination, however, does not preclude Defendant from pursuing these arguments in a collateral proceeding for habeas corpus or other post-conviction relief. *See State v. Quiñones*, 2011-NMCA-018, ¶ 36, 149 N.M. 294, 248 P.3d 336.

**CONCLUSION**

**{12}**     We affirm.

**{13}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**GERALD E. BACA, Judge**